UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-22868-CIV-HOEVELER

AIRLINE PROFESSIONAL SERVICES,
INC., A Florida Corporation, d/b/a PCL
FREIGHT SYSTEMS,

        Plaintiff,

v.

SDV (USA), INC., a Foreign
Texas Corporation,

        Defendant.
_____/

## ORDER DENYING SDV'S THIRD MOTION TO DISMISS AS SANCTION

THIS MATTER comes before the Court upon Defendant SDV (USA), Inc. ("SDV")'s Third Motion to Dismiss As Sanction for Failure to Comply with Court Order and/or Prosecute, filed June 2, 2008. SDV moves for the Court to dismiss this action pursuant to Fed. R. Civ. P. 41(b). A district court may also dismiss a case as a sanction under Rule 37, although this measure is not favored by the courts. Phipps v. Blakeney, 8 F.3d 788 (11th Cir. 1993). The motion has been fully briefed by the parties. The Court has reviewed the motion and pertinent portions of the record, and for the reasons explained below, denies the motion.

Dismissal is an extreme sanction that is appropriate where there is a clear record of willful contempt and an finding that lesser sanctions would not suffice. Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir.1985) (internal citations omitted). Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances. Id. (internal citations omitted).

SDV bases its motion primarily on Plaintiff Airline Professional Services, Inc.,

d/b/a PCL Freight Systems ("APS")'s failure to respond to SDV's discovery requests, to provide its Rule 26 Initial Disclosure, and to comply with the Court's Order Granting SDV's Motion to Compel, dated May 9, 2008. SDV asserts that APS has engaged in a pattern of delinquent behavior that warrants dismissal; however, it fails to cite any case law in support to support this position.

In response, APS notes that its delay in providing the Rule 26 Initial Disclosure – which has since been filed – was the result of oversight by APS' counsel rather than APS or its officers. APS also argues that because the initial disclosure contained nearly all the same items as APS' Answers to Second Set of Interrogatories, SDV was not prejudiced. APS notes that counsel for APS has been sanctioned in the amount of $1,410.00 in conjunction with the Court Order compelling discovery. Since then, APS notes, the parties have had numerous communications regarding the outstanding items for which production is sought.

While the Court is mindful of the somewhat listless manner in which APS has prosecuted this case and complied with court orders, the record fails to convince the Court that APS has engaged in willful misconduct that would constitute extreme circumstances warranting dismissal. Moreover, the Court notes the recent stay of this matter pending its ruling on SDV's Motion for Summary Judgment.[1] Rather than disposing this case as a sanction, the Court concludes that a better course of action is to begin the process of addressing the case on its merits.

Therefore, based on the reasoning put forth above, it is hereby

ORDERED AND ADJUDGED that Defendant SDV's Third Motion to Dismiss as

---

[1] Also currently pending is APS' Motion to Compel, filed July 16, 2008.

a Sanction for Failure to Comply with Court Order and/or Prosecute is DENIED.

DONE AND ORDERED in chambers in Miami this 24th day of July 2008.

_Wm M Hoeveler_
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

copies to counsel of record